

LEO AGUILLARD, JENNIFER ALLEN, SUZETTE ANTOINE, FAITH BATISTE, DOLORES BELLARD, MARY BELLARD, VIOLET BENOIT, RITA BEVERLY, FLORENCE BOLDEN, YOLANDA BOUTTE, PEGGY BREAUX, EDRA BROUSSARD, MERLINE BROUSSARD, NETRA BROUSSARD, LINDA DAVIS CAMPBELL, DEALAINA CARRIER, ELVINA CARRIER, JOYCE CHAPMAN, SHIRLEY CHARLOT, ANNA CITIZEN, LEVETTA CITIZEN, MAXINE CITIZEN, MITZI CITIZEN, ROSE CITIZEN, GLODEBRA CLUSE, LOLA COOK, GLORIA DAVIS, EVELYN DOTY, JOANNIE DUGAS, BRENDA DUHON, ETHEL EAGLIN, MARY FELIX, EARLINE FRANCIS, LILLIE FRANCIS, RUTH FRANK, CONNIE FREEMAN, ALISA GALLOW, ISABELLA GREEN, MARGIE DAIGLE GUIDRY, CHARLETTE GUILLORY, ELLA GUILLORY, ELLA HANDY, THERESA MAE HANDY, DEANNA HANKS, LOUISE HENRY, HOPE ANN JAMES, SARAH JOHNSON, EVELYN JOLIVETTE, CYNTHIA JOSEPH, BRENDA LAFOSSE, BRENDA LAMBERT, ORELIA LEGER, VANESSA LEWIS, BARBARA LIVING, ROSEMARY LOGAN, MAE LORDEN, BRENDA MALBROUGH, LINDA MALBROUGH, SHEILA MARSHALL, CLAUDETTE MARTIN, JUDY MARTIN, ANGELIA MAYFIELD, SANDRA MECHE, SHERRY MINICK, IRENE MINNIX, NOLA MOORE, PRENELLA MORRISON, ROSE MOUTON, BETTY NARCISSE, DEBRA NOLAN, BARBARA OZONE, BETTY PIERRE, MARY PETE, ANNIE RANDALL, LENNY REED, BERNITA RICHARD, CECELIA ROBINSON, IDA RUBIN, BEATRICE SCHEXNEIDER, ALICE SHERMAN, BRENDA SIMON, TIFFANY SKINNER, ALRENA SOLOMON, KELLI STELLY, LISA THOMAS, LINDA WASHINGTON, SAVANNAH WASHINGTON, IDA FAYE WIDNER, LEVERNE WIDNER, LINDA WILKINS, JACQUELYN WILRIDGE, JOANETTE WILRIDGE, INGER WILSON, LOIS YOKUM

VERSUS

CROWLEY GARMENT MANUFACTURING COMPANY and FECHHEIMER COMPANY a/k/a FECHHEIMER BROTHERS COMPANY

15TH JUDICIAL DISTRICT COURT

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/3/00
BY _____

CV00-0182

DOCKET NO: 75321

JUDGE HAIK

MAGISTRATE JUDGE METHVIN

PARISH OF ACADIA

STATE OF LOUISIANA

1

## RULE TO SHOW CAUSE

The Rule to Show Cause of LEO AGUILLARD, JENNIFER ALLEN, SUZETTE ANTOINE, FAITH BATISTE, DOLORES BELLARD, MARY BELLARD, VIOLET BENOIT, RITA BEVERLY, FLORENCE BOLDEN, YOLANDA BOUTTE, PEGGY BREAUX, EDRA BROUSSARD, MERLINE BROUSSARD, NETRA BROUSSARD, LINDA DAVIS CAMPBELL, DEALAINA CARRIER, ELVINA CARRIER, JOYCE CHAPMAN, SHIRLEY CHARLOT, ANNA CITIZEN, LEVETTA CITIZEN, MAXINE CITIZEN, MITZI CITIZEN, ROSE CITIZEN, GLODEBRA CLUSE, LOLA COOK, GLORIA DAVIS, EVELYN DOTY, JO ANNIE DUGAS, BRENDA DUHON, ETHEL EAGLIN, MARY FELIX, EARLINE FRANCIS, LILLIE FRANCIS, RUTH FRANK, CONNIE FREEMAN, ALISA GALLOW, ISABELLA GREEN, MARGIE DAICLE GUIDRY, CHARLETTE GUILLORY, ELLA GUILLORY, ELLA HANDY, THERESA MAE HANDY, DEANNA HANKS, LOUISE HENRY, HOPE ANN JAMES, SARAH JOHNSON, EVELYN JOLIVETTE, CYNTHIA JOSEPH, BRENDA LAFOSSE, BRENDA LAMBERT, ORELIA LEGER, VANESSA LEWIS, BARBARA LIVING, ROSEMARY LOGAN, MAE LORDEN, BRENDA MALBROUGH, LINDA MALBROUGH, SHEILA MARSHALL, CLAUDETTE MARTIN, JUDY MARTIN, ANGELIA MAYFIELD, SANDRA MECHE, SHERRY MINICK, IRENE MINNIX, NOLA MOORE, PRENELLA MORRISON, ROSE MOUTON, BETTY NARCISSE, DEBRA NOLAN, BARBARA OZONE, BETTY PIERRE, MARY PETE, ANNIE RANDALL, LENNY REED, BERNITA RICHARD, CECELIA ROBINSON, IDA RUBIN, BEATRICE SCHEXNEIDER, ALICE SHERMAN, BRENDA SIMON, TIFFANY SKINNER, ALRENA SOLOMON, KELLI STELLY, LISA THOMAS, LINDA WASHINGTON, SAVANNAH WASHINGTON, IDA FAYE WIDNER, LEVERNE WIDNER, LINDA WILKINS, JACQUELYN WILRIDGE, JOANETTE WILRIDGE, INGER WILSON, LOIS YOKUM, residents of the full age of majority of the State of Louisiana, respectfully represents the following:

1.

Made Defendants herein are Crowley Garment Manufacturing Company, a corporation with its principal place of business in Acadia Parish, Louisiana, which may be served through its agent

for service of process, Mr. Thomas Regan, Crowley, Louisiana, and Fechheimer Company a/k/a Fechheimer Brothers Company, a foreign corporation doing business in Louisiana which can be served through the Long-Arm Statute.

2.

This is a rule for vacation pay, wages, penalty wages, interest and attorney fees incurred at Defendants' facility in Acadia Parish, Louisiana. Thus, venue is proper in Acadia Parish pursuant to article 42 of the Louisiana Code of Civil Procedure. Venue is also proper in Acadia Parish pursuant to LSA-R.S. 23:637.

3.

This matter is brought as a summary proceeding pursuant to LSA-R.S. 23:631B and article 2592 of the Louisiana Code of Civil Procedure.

4.

Defendants are indebted to Plaintiffs for unpaid wages, vacation pay, 90 days' penalty wages at the Plaintiffs' daily rate of pay, plus attorney's fees, court costs, and legal interest, for the following reasons:

5.

During 1998 and 1999, Plaintiffs were payroll employees of Defendants at their Crowley, Louisiana facility.

6.

As part of their usual and customary compensation, Plaintiffs were paid certain sums of money in July and December that were based in part, upon prior sewing production. Said sums of money were characterized as "vacation pay" by Defendants, although, in truth and in fact, said sums of money were earned incentive compensation.

7.

Some of the Plaintiffs' jobs were terminated in 1998, and some in 1999. Despite the fact that Plaintiffs earned the incentive compensation above-described before their jobs were terminated, Defendants refused to timely pay Plaintiffs their full wages and the earned incentive compensation "vacation pay" due the Plaintiffs.

8.

Employees who were terminated in 1998 and the spring of 1999 made demand for their

3

wages and vacation pay which was refused.

9.

The rest of the Plaintiffs were terminated in July and August of 1999.

10.

In August of 1999, after all employees had been terminated, the employees, through their representatives at a meeting, made demand for their "vacation pay" to management. This demand was verbal and written and in response to a request by management for the "demand" of the employees through their representatives. Management never responded affirmatively, but sought another meeting that was later canceled by management. Thus, the conduct of the Defendants has made further demand a vain and useless thing. Additionally, many Plaintiffs made another written demand upon Defendants for all wages due them, including the unpaid "vacation pay" that should be properly characterized as earned incentive compensation via certified mail received by Defendants on December 2, 1999. Furthermore, verbal demand was made by some of the Plaintiffs during the time that they were laid-off.

11.

In the alternative, this suit constitutes a demand.

12.

Defendants have stalled and refused to timely pay the wages and earned incentive compensation, characterized as "vacation pay", despite amicable demand, and without any legal justification whatsoever. Defendants only recently tendered some money to some Plaintiffs. It is unclear as to whether the tendered money was "vacation pay."

13.

Accordingly, Defendants are liable to Plaintiffs for all wages due and owing, including the earned incentive compensation characterized by Defendants as "vacation pay," and they are liable to Plaintiffs for 90 days' penalty wages or full wages from the time of demand until payment or tender by the defendants, whichever is less, plus reasonable attorney's fees, legal interest which commenced to accrue three days after separation from employment, and all costs associated with this action.

14.

The amount of each individual Plaintiff's claim is less than $20,000.

4

wages and vacation pay which was refused.

9.

The rest of the Plaintiffs were terminated in July and August of 1999.

10.

In August of 1999, after all employees had been terminated, the employees, through their representatives at a meeting, made demand for their "vacation pay" to management. This demand was verbal and written and in response to a request by management for the "demand" of the employees through their representatives. Management never responded affirmatively, but sought another meeting that was later canceled by management. Thus, the conduct of the Defendants has made further demand a vain and useless thing. Additionally, many Plaintiffs made another written demand upon Defendants for all wages due them, including the unpaid "vacation pay" that should be properly characterized as earned incentive compensation via certified mail received by Defendants on December 2, 1999. Furthermore, verbal demand was made by some of the Plaintiffs during the time that they were laid-off.

11.

In the alternative, this suit constitutes a demand.

12.

Defendants have stalled and refused to timely pay the wages and earned incentive compensation, characterized as "vacation pay", despite amicable demand, and without any legal justification whatsoever. Defendants only recently tendered some money to some Plaintiffs. It is unclear as to whether the tendered money was "vacation pay."

13.

Accordingly, Defendants are liable to Plaintiffs for all wages due and owing, including the earned incentive compensation characterized by Defendants as "vacation pay," and they are liable to Plaintiffs for 90 days' penalty wages or full wages from the time of demand until payment or tender by the defendants, whichever is less, plus reasonable attorney's fees, legal interest which commenced to accrue three days after separation from employment, and all costs associated with this action.

14.

The amount of each individual Plaintiff's claim is less than $20,000.

4

WHEREFORE, Plaintiffs pray that a Rule Nisi be issued herein to Defendants, ordering them to show cause why a money judgment for the unpaid wages, vacation pay, penalty wages, attorney's fees, and costs, be granted herein in their favor, and against the Defendants, plus legal interest from the date that payment was due, with all costs to be assessed against the Defendants, and any such other relief as may be appropriate in the premises.

Respectfully submitted:

ROY, BIVINS, JUDICE & HENKE

BY: _____
PATRICK M. WARTELLE, #14484
P. O. Drawer Z
Lafayette, Louisiana 70502
(318) 233-7430

Attorneys for Plaintiffs

**PLEASE SERVE:**

Crowley Garment Manufacturing Company
Through its Agent for Service of Process
Mr. Thomas Regan
525 West Court Circle
Crowley, LA 70526

Fechheimer Company a/k/a
Fechheimer Brothers Company
will be served through
the Louisiana Long-Arm Statute

1-14-2000

5